UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLA D. R.,<br>[A# 094-301-300]<br><br>        Petitioner,<br><br>    v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>        Respondents. | No. 1:26-cv-01137-TLN-CKD<br><br><br>**ORDER** |

This matter is before the Court on Petitioner Karla D.R.'s [1] ( ("Petitioner") Petition for Writ of Habeas Corpus.  (ECF No. 1.)  On February 10, 2026, the Court granted Petitioner's Motion for Temporary Restraining Order ("TRO") (ECF No. 3) and ordered her immediate release.  (ECF No. 4.)  The Court also ordered Respondents to show cause why the Court should not grant the habeas petition and enter judgment in favor of Petitioner.  (*Id.*)  Respondents did not file a response, and as such, the Court considers Petitioner's Petition for Writ of Habeas Corpus unopposed.  *See* L.R. 230(c).  For the reasons set forth below, Petitioner's habeas petition is GRANTED.  (ECF No. 1.)

---

[1]    As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only her first name and last initials, to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a native of Honduras who was approved for Temporary Protected Status in 1999 following Hurricane Mitch and maintained it through July 5, 2025.  (ECF No. 1 at 5.)  On September 22, 2025, Petitioner's husband, a United States citizen, filed an adjustment of status application for Petitioner as an immediate relative.  (*Id.*)  On November 24, 2025, Petitioner was scheduled for an interview regarding her adjustment of status application before the United States Citizenship and Immigration Services.  (*Id.*)  On January 7, 2026, while attending her adjustment of status interview, Petitioner was detained.

## II.    STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).  Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    ANALYSIS

The Fifth Amendment Due Process Clause prohibits government deprivation of an individual's life, liberty, or property without due process of law. *Hernandez v. Session*, 872 F.3d 976, 990 (9th Cir. 2017).  The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693 ("[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent.").  These due process rights extend to immigration proceedings, including deportation proceedings. *Id.* at 693–94; *see*

2

*Demore v. Kim*, 538 U.S. 510, 523 (2003).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### a) Liberty Interest

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. July 24, 2025). To determine whether an individual's specific conditional release rises to the level of a protected liberty interest, courts have "compar[ed] the specific conditional release in the case before them with the liberty interest in parole as characterized by *Morrissey*." *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO, 2025 WL 2617255, at *3 (E.D. Cal. Sept. 9, 2025).

The Court finds Petitioner has a protected liberty interest in her continued freedom. Courts throughout the Ninth Circuit, including this one, have repeatedly found such in situations similar to Petitioner's. *See e.g.*, *Hortua v. Chestnut*, No. 1:25-CV-01670-TLN-JDP, 2025 WL 3525916, at *3 (E.D. Cal. Dec. 9, 2025); *Estrada-Samayoa v. Cruz*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases). Respondents put forth no new arguments or facts justifying a different conclusion in this case. Accordingly, Petitioner has a clear interest in her continued liberty protected by the Due Process Clause.

### b) Procedural Due Process

Having found a protected liberty interest, the Court examines what process is necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. The Court considers three factors: (1) "the private interest that will be affected by the official action;" (2)

"the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Due process rights in the immigration context "must account for the government's countervailing interests in immigration enforcement." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022).

As to the first *Mathews* factor – Petitioner's private interest –Petitioner has a substantial private interest in her own liberty that is unquestionably affected by the Government's actions detaining her. The amount of time Petitioner spent at liberty underscores the gravity of its loss. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) ("The lengthy duration of [petitioner's] conditional release as well as the meaningful connections [p]etitioner seems to have made with his community during that time create a powerful interest for [p]etitioner in his continued liberty.")

As to the second *Mathews* factor – the risk of erroneous deprivation – the Court finds the risk here be considerable. The risk of an erroneous deprivation of Petitioner's liberty interest is high where she has received virtually no procedural safeguards such as a bond or custody redetermination hearing. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Third, the Government's interest in detaining Petitioner without notice and a hearing is negligible. Custody hearings in immigration court are "routine and impose a 'minimal' cost." *R.D.T.M.*, 2025 WL 2686866 at *6.

The Court therefore finds Petitioner's redetention without a hearing violate due process. The Court GRANTS Petitioner's petition. (ECF No. 1).

**IV.    CONCLUSION**

IT IS HEREBY ORDERED:

1.    Petitioner's petition for writ of habeas corpus (ECF No. 1) is GRANTED;

2.    Respondents are ENJOINED AND RESTRAINED from re-detaining Petitioner

4

unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that Petitioner is a flight risk or danger to the community such that her physical custody is legally justified.

      3.    The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: March 23, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE