UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KARLA D. R.,

      Petitioner,

      v.

CHRISTOPHER CHESTNUT, et al.,

      Respondents.

No. 1:26-cv-01137-TLN-CKD

**ORDER**

On March 24, 2026, the Court granted Petitioner Karla D. R.'s [1] ("Petitioner") Writ of Habeas Corpus. (ECF No. 9.)  On June 4, 2026, Petitioner filed a Motion for Attorney's Fees, seeking an award of attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $6,345.81.  (ECF No. 11.)  Respondents Christopher Chestnut, Kristi Noem, Pamela Bondi, and Moises Becerra ("Respondents") did not file an

---

[1]    As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only his first name and last initials, to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

opposition.[2]  For the reasons set forth below, Petitioner's Motion is GRANTED.

EAJA authorizes awards of attorney fees and expenses in civil actions against the United States.  28 U.S.C. § 2412(d)(1)(A).  The provision reads:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Petitioner argues: (1) she is a prevailing party, (2) the government's position was not substantially justified, and (3) no special circumstances make an award unjust.  (ECF No. 11 at 7–11.)  As such, Petitioner requests $6,345.81 in attorney's fees.[3]  (ECF No. 11-2 at 2.)

As to whether she is prevailing party, Petitioner specifically argues she is a prevailing party because the Court granted Petitioner's habeas petition.  (ECF No. 11 at 7.)  Petitioner argues the Court's ruling compelled Petitioner's release from immigration custody and rejected Respondents' underlying legal positions on the merits, which constitutes a judicially sanctioned success of the type contemplated by EAJA.  (*Id.*)  The Court agrees with Petitioner that she is a prevailing party.  *Carbonell v. I.N.S.*, 429 F.3d 894, 902 (9th Cir. 2005) (holding a petitioner was a prevailing party in a civil habeas petition action even when the petitioner did not obtain final judgment but the district court entered a voluntary stipulation in the petitioner's favor); *see also Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1030 (9th Cir. 2009) (holding that a material alteration in the relationship between the parties such as the plaintiff receiving at least some relief on the merits of his claim qualifies him as a prevailing

---

[2]  The Court construes Respondents' failure to file an opposition to as a non-opposition to Petitioner's motion.  *See* E.D. Cal. L.R. 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."); *Melendez v. Diaz*, No. 1:20-CV-00302-NONE-BAM, 2020 WL 3802735, at *2 (E.D. Cal. July 7, 2020) (granting motion based on party's lack of response to pending motion, which the court construed as a non-opposition).

[3]  Petitioner filed a declaration and an itemized billing record to reflect the hours worked for the present action.  (ECF No. 11-4 at 1–3.)  The Court finds Petitioner's requested attorney's fees (rates and hours) are reasonable.  *See Nadarajah v. Holder*, 569 F.3d 906, 910 (9th Cir. 2009) ("The amount of attorneys' fees awarded under EAJA must be reasonable.").

party).

As to whether the government's position was substantially justified, Petitioner specifically argues the government cannot show that its position has a reasonable basis in both law and fact because its interpretation of 8 U.S.C. § 1225(b)(2)(A) as mandating detention for settled residents like Petitioner was squarely rejected by numerous courts. (ECF No. 11 at 9.) Respondents did not oppose Petitioner's motion, thus, to the extent Respondents disagree with Petitioner's argument, the Court finds Respondents fail to meet their burden that their position was substantially justified. *See Flores v. Shalala*, 49 F.3d 562, 569–570 (9th Cir. 1995) (holding the burden is on the government to establish substantial justification for its position). Moreover, the vast majority of courts in this Circuit, including this one, have repeatedly rejected Respondents' position. *See e.g.*, *Hortua v. Chestnut, et al.*, No. 1:25-cv-01670-TLN-JDP, 2025 WL 3525916 at *3 (E.D. Cal. Dec. 9, 2025); *Armando Modesto Estrada-Samayoa v. Orestes Cruz, et al.*, No. 1:25-CV-01565-EFB, 2025 WL 3268280, at *4 (E.D. Cal. Nov. 24, 2025) (collecting cases). For the same reasons, the Court finds Respondents fail to meet their burden that there are special circumstances that would make an award of attorney's fees unjust.

For the reasons set forth above, Petitioner's Motion for Attorney's Fees (ECF No. 11) is GRANTED in the amount of $6,345.81.

IT IS SO ORDERED.

Date: July 1, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

3